FILED

JUN 1 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID JOSEPH ELKINS,                        CV. 08-1073-PK

                                            OPINION AND
                                            ORDER

                    Plaintiff,

v.

FEDERAL AVIATION
ADMINISTRATION,

                    Defendants.
_____

PAPAK, Magistrate Judge:

        Plaintiff David Elkins, appearing pro se, pursues this Freedom of Information Act action

to obtain records of airplane flights he has observed in the Portland area on various dates.

Elkins' original complaint concerned a single FOIA request regarding two flights. Elkins'

Motion to Amend is now before the court. This court has jurisdiction under 5 U.S.C. §

552(a)(4)(B). For the reasons set forth below, Elkins' Motion to Amend is granted.


Page 1 - OPINION AND ORDER

## LEGAL STANDARD

A party may amend a pleading once as a matter of course before being served with a responsive pleading or within 20 days after serving the pleading but thereafter may only amend by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is within the discretion of the trial court, but that discretion "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id.* "An outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citation omitted).

## BACKGROUND

Plaintiff David Elkins has, since 2005, made various Freedom of Information Act requests for records from the Federal Aviation Administration concerning flights he has observed in the Portland, Oregon area. Between April 2005 and May 2008, he submitted at least twelve requests for records concerning specific flights. On June 18, 2008, he requested that the FAA "identify the law enforcement agency in question and call sign" for flights that were the subject of ten of his previous FOIA requests.[1]  (Am. Mot. Pl.'s Resp. to Def.'s Objection, #29, Ex. 2.) In

---

1  Specifically, Elkins sought to obtain the information for the following prior requests: 2005-004772NM-4, 2005-005748NM, 2006-001493NM, 2006-001215WS, 2007-004334WS, 2007-005962WS, 2008-001675WS, 2008-003783WS and requests on March 21, 2007 and April 5, 2007.  (Am. Mot. Pl.'s Resp. to Def.'s Objection, #29, Ex. 2.)

addition, in an undated letter, he requested records of flights he observed on August 7, 2008 and

September 4, 2008. (Mot. Leave to File Am. Compl., #21, Attach. #2 at 12.)

Plaintiff filed a FOIA complaint against the FAA in this court in September 2008.

Defendants answered plaintiff's complaint in mid-January 2009 and the court set a May 2009

deadline for dispositive motions. In February 2009, Plaintiff moved to amend his complaint.

Elkins' proposed amended complaint includes a new Fourth Claim for Relief. The

amendment seeks to enjoin the FAA "[t]o fully disclose 'all' other records not disclosed in the

partial disclosures of records made by the FAA in 2008" and identifies ten previous records

requests from March 2005 to March 2008. (Mot. Leave to File Am. Compl., #21, Attach. #2 at

8.) With the exception of requests with the tracking numbers 2007-005988WS and 2007-

007902WS, the additional claim includes the same request tracking numbers that formed the

basis of Elkins' June 18 request that the FAA identify the law enforcement agency and call sign

for flights in prior requests. The complaint, however, appears to seek all previously undisclosed

records—not merely the law enforcement agency involvement and call sign that he sought in the

June 18 request.

Elkins' proposed amended complaint does not change the allegations in his original

complaint that the FAA denied his request for records for the flights that took place on August 7

and September 4, 2008.[2] Elkins, however, does not allege that he exhausted administrative

---

2  Elkins indicates that tracking number #2008-006830WS belongs to the request for records of
the August 7 and September 4 flights. (Mot. Leave to File Am. Compl., #21, Attach. #2 at 4.)
Both the original and the amended complaint, however, include as an attachment a September
9, 2008 letter from the FAA that assigned tracking number 2008-006830WS to his request for
"information that identifies law enforcement aircraft and call signs referenced in a list of past
FOIA requests" (Complaint, #1, Attach. 1; Mot. Leave to File Am. Compl., #21, Attach. #2
at 10.) Thus, it appears that tracking number 2008-006830WS relates to his June 18, 2008
request, not the request for information on the August and September flights.

remedies with regard to the request for records of the August 7 and September 4 flights. (Mot.
Leave to File Am. Compl., #21, Attach. #2 at 4.) In addition, in Elkins' First, Second and Third
Claims for relief, he asks the court for injunctive and declaratory relief but does not indicate
whether this relief relates to his original request for the August 7 and September 4 records or if it
applies to that request and his new allegations.

## DISCUSSION

### I.    Leave to Amend

In deciding whether to grant leave to amend, courts consider prejudice to the opposing
party as the most persuasive factor. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears
the burden of establishing prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187
(9th Cir. 1987). Delay alone is not a sufficient ground to deny a motion for leave to amend. *See
Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also Morongo Band of Mission Indians
v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (delay of nearly two years not alone enough to
support denial of leave to amend). The court must also make "a contemporaneous specific
finding of prejudice to the opposing party, bad faith by the moving party, or futility of the
amendment." *Bowles*, 198 F.3d at 758.

Here, the FAA argues that the court should deny leave to amend because Elkins unduly
delayed in raising the proposed additional claim. In support of this argument, the FAA asserts
that Elkins knew or should have known of the facts giving rise to the claims when he filed his
original complaint on September 16, 2008. The FAA, however, does not indicate that the
amendment will result in prejudice.

The FAA has not set forth sufficient grounds for denying Elkins' motion to amend. Elkins, who appears in this action pro se, moved to amend the complaint only a month and a half after the FAA filed its answer. Although some discovery may have been conducted at that point, the litigation remained in the early stages. In addition, nothing indicates that Elkins acted out of bad faith. Moreover, the FAA has not argued that amendment would be futile. I therefore grant Elkins' motion to amend.

## II.    Pleading Requirements

Federal Civil Procedure Rule 8 provides that: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.   In addition, a court has a continuing duty to dismiss an action whenever it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Billingsley v. Comm'r of the I.R.S.*, 868 F.2d 1081, 1085 (9th Cir. 1989). A court lacks subject matter jurisdiction over a FOIA action when the plaintiff has failed to exhaust administrative remedies and no exception to the exhaustion requirement applies. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986).

Here, Elkins' proposed amended complaint is deficient in two particulars. First, he does not allege that he has exhausted administrative remedies with regard to his request for records of the August 7 and September 4 flights. Second, the complaint is confusing regarding the relief he seeks. Elkins does not indicate whether the First, Second and Third Claims for Relief relate only to his request for records of the August 7 and September 4 flights or if they also relate to his new

Page 5 - OPINION AND ORDER

allegations. Moreover, Elkins' Fourth Claim for Relief does not indicate whether he seeks only the call sign and law enforcement agency involvement regarding his prior FOIA requests or if he now seeks all the records that he sought in those requests and the FAA refused to produce.

In an effort to ensure that this court has jurisdiction over all of Elkins' claims, and to clarify the complaint, I order that Elkins revise to his proposed amended complaint. Upon amendment, Elkins must indicate whether he has exhausted administrative remedies with regard to his request for records of the August 7 and September 4 flights, or whether an exception to exhaustion applies. Elkins must also change his First, Second and Third Claims for Relief to indicate the records requests that they pertain to. Finally, Elkins should specify the records he seeks in his Fourth Claim for Relief.

### CONCLUSION

Elkins' Motion to Amend (#21) is granted. Elkins has twenty-one days to amend his complaint to comply with the court's instructions set forth above.

### SCHEDULING ORDER

Elkins' amended complaint is due by July 10, 2009. Defendant's answer is due by July 24, 2009. Dispositive motions are due by August 24, 2009. Defendant's response to Plaintiff's Motion for Summary Judgment (#34) is due by September 8, 2009. Plaintiff's reply is due by September 22, 2009 and Plaintiff's Motion for Summary Judgment (#34) will placed on the under advisement calendar on that date.

Dated this 19th day of June, 2009.

Honorable Paul Papak
United States Magistrate Judge

Page 6 - OPINION AND ORDER