FILED
NOV 18 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID JOSEPH ELKINS

        Plaintiff,

v.

FEDERAL AVIATION
ADMINISTRATION,

        Defendant.

CV. 08-1073-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff David Elkins, appearing pro se, pursues this Freedom of Information Act (FOIA) action against the Federal Aviation Administration (FAA) to obtain records of air plane flights he has observed in the Portland area on various dates. This court has jurisdiction under 5 U.S.C. § 552(a)(4)(B). Plaintiff's Motion for Summary Judgment (#34), Defendant's Motion for Summary Judgment (#56) and Plaintiff's Motion for In Camera Review (#62) are now before the court. For the reasons set forth below, the FAA's Motion for Summary Judgment should be granted and Elkins' Motion for Summary Judgment should be denied. Elkins' Motion for In Camera Review should be denied as moot.

FINDINGS AND RECOMMENDATION – PAGE 1

## BACKGROUND

### I. Events Leading Up to Elkins' Complaint

Since 2005, Elkins has made various FOIA requests for records from the FAA concerning flights he has observed in the Portland, Oregon area. Between April 2005 and May 2008, he submitted at least twelve requests for records concerning specific flights. In January 2008, the FAA's FOIA officer had a telephone conversation with Elkins in which Elkins agreed to withdraw all of his pending FOIA requests with the FAA with the understanding that the FAA would retain the responsive information for two years. (Zullo Decl., #58, at 2, Ex.1.) The following requests were among those that Elkins agreed to withdraw: 2007-004334WS, 2007-005962WS, 2008-001675WS, 2007-005988WS and 2007-007902WS. (Zullo Decl., #58, at 2, Ex.1, Ex. 3.)

Elkins however, continued his efforts to obtain information from the FAA. In June 2008 Elkins requested that the FAA "identify the law enforcement agency in question and call sign" for flights that were the subject of ten of his previous FOIA requests. (Pl.'s Resp. to Def.'s Objection, #29, Ex. 2.) Among the ten previous requests that Elkins identified, he included the three of the requests that he previously agreed to withdraw. The FAA responded to this request in a letter dated July 29, 2008. (Pl.'s Resp. to Def.'s Objection, Ex. 4.) Elkins later requested records of flights he observed on August 7, 2008 and September 4, 2008. (Mot. Leave to File Am. Compl., #21, Ex. 2 at 12.)

Elkins filed a FOIA complaint against the FAA in this court in September 2008. Elkins' complaint focused on his requests for information concerning flights in August and September 2008 and included attachments related to Request Numbers 2008-006830WS, 2008-006824WS and 2008-004494WS. (Compl., #1.) The First Claim for Relief asked the court to order the FAA

FINDINGS AND RECOMMENDATION – PAGE 2

"to cease their arbitrary policy of refusal of selected requests." The Second Claim for Relief sought declaratory relief in the form of a finding by the court that the FAA had violated various open records laws. The Third Claim for Relief sought an order preventing destruction of the records of the August and September 2008 flights. The Fourth Claim for Relief sought costs and fees.

## II.     Elkins' Amended Complaint

In February 2009, Elkins moved to amend his complaint. While that motion remained pending, however, Elkins filed a motion for summary judgment. (Pl.'s Mot. Summ. J., #34.) The court stayed Elkins' motion for summary judgment and later granted Elkins' motion to amend. In its ruling granting the motion to amend, the court instructed Elkins to specify the records requests at issue in the amended complaint and to indicate whether he exhausted administrative remedies. (Opinion & Order, #42, at 6.)

The amended complaint sets forth three claims for relief. The First Claim for Relief asks the court to declare that the FAA cannot deny release of certain information under Exemption 7(e). (Am. Compl., #48, at 9.) The Second Claim for Relief asks that the FAA disclose "all responsive records" related to the following requests: 2005-004772NM-4, 2005-005748NM, 2006-001493NM, 2006-001215WS, 2007-004334WS, 2007-005962WS, 2008-001675WS, 2008-003783WS, 2007-005988WS and 2007-007902WS. *Id.* at 9-10. The complaint further avers that the FAA denied full disclosure and that Elkins' pursued an administrative appeal.[1] *Id.*

---

1    The FAA's motion does not challenge Elkins' statement that he exhausted administrative remedies with regard to the requests. The materials submitted by the FAA, however, mention an appeal only with regard to one of the several records requests at issue. "[T]he purposes underlying the exhaustion doctrine include the opportunity for the *agency* to exercise its discretion and expertise and the opportunity to make a record for the district court to review." *In re Steele,* 799 F.2d 461, 466 (9th Cir. 1986). Here, since the FAA does not argue that it has been deprived of the opportunity to respond to Elkins' requests at the administrative level, I find that

FINDINGS AND RECOMMENDATION -- PAGE 3

at 10. The Third Claim for Relief asks for costs and fees. *Id.* The complaint also explained that Elkins had resolved his dispute with the FAA over the records of the August and September 2009 flights. *Id.* at 5.

## III.  Responses to the Records Requests Identified in the Amended Complaint

The FAA has supplemented its responses to five of the ten requests identified in Elkins' amended complaint. The FAA, however, did not respond to Requests 2007-004334WS, 2007-005962WS, 2008-001675WS, 2007-005988WS and 2007-007902WS because they are among the requests that Elkins earlier agreed to close. The remaining five requests, and the FAA's responses to those requests, are described below.

Request Numbers 2005-004772NM-4, 2005-005748NM, 2006-001493NM, 2006-001215WS, 2008-001675WS and 2008-003783WS all seek similar information. Request 2005-004772NM asked that the FAA preserve radar and in-flight radio confirmation of a March 30, 2005 flight. (Walters Decl., #59, Ex. 1.) Request 2005-005748NM sought the "N number," radio telephony identification or transponder identification, any in-flight radio contact, and the radar plot of a May 13, 2005 flight. (Walters Decl., Ex. 2.) Request 2006-001493NM sought similar information pertaining to an October 5, 2005 flight, including the plane's "N number," "radar flight confirmation, and tracking, request for permission to fly in the area, and in-flight radio confirmation, and "the origin of this plane and what law enforcement agency they represent. (Walters Decl., Ex. 3.) Request Number 2006-001215NM sought the "N number," radio or IFR contact requesting permission to fly in the area and the airport of departure and landing for a December 8, 2005 flight. (Walters Decl., Ex. 4.) Request 2008-003783WS sought

---

to the extent that Elkins has failed to exhaust his administrative remedies, any further effort to exhaust would be futile. *See id.*

FINDINGS AND RECOMMENDATION -- PAGE 4

information concerning a March 12, 2008 flight, including "a radar plot and transponder confirmation" and all records of in-flight radio communication with the Portland Airport tower. (Walters Decl., Ex. 5.)

Although the FAA responded to these requests separately, their responses share several common attributes. First, the FAA initially advised Elkins that responsive records were prohibited from release under FOIA Exemption 3 and/or Exemption 7(e). (Walters Decl. at 3-5, 7, 8.) Second, the FAA conducted a further review of its responses to each request and has released the radar plot and associated plot records for the flights but, under exemption High 2 redacted the identification of the aircraft and the "seconds" portion of the latitude and longitude listed in the associated radar plot records. (Walters Decl. At 3-4, 6-8, Exs. 6, 8, 10, 12, 14.)

With regard to Requests 2006-001215NM and 2006-003783NM, the FAA's supplemental response indicated that it has voice recordings responsive to the requests. (Walters Decl. at 6, 8.) For Request 2006-001215NM, however, the FAA did not release any portion of the recording on the ground that it fell under exemption High 2. (Walters Decl. at 6, Ex. 11.) The FAA released the voice recording responsive to Request 2006-003783NM, however. (Walters Decl. at 8.)

Finally, the FAA has indicated that it has released information it previously redacted, with the exception of the identification of the aircraft, which it maintains falls under exemption High 2. (Def.'s Resp. Pl.'s Mot. for In Camera Review, #65.) Elkins confirmed that he received the documents. (Pl.'s Supp. Memo., #66.) He notes, however, that the FAA responses to Requests 2005-001215NM and 2005-001493 indicate that the records were derived from computer records from the day after the date of the flight at issue and that the FAA continues to withhold the voice recording responsive to Request Number 2006-001215NM. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must not weigh the evidence or determine the truth and must construe the evidence in the light most favorable to the nonmoving party. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air. Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citation omitted).

FOIA places the burden of justifying nondisclosure on the government. 5 U.S.C. § 552(a)(4)(B). Thus, for the government to prevail in a motion for summary judgment in a FOIA case, the government must prove that the each of the requested documents "either has been produced, is unidentifiable, or is wholly exempt under the Act." *Marks v. U.S. Dept. of Justice*, 578 F.2d 261, 262 (9th Cir. 1978) (citing *National Cable Television Ass'n, Inc. v. F.C.C.*, 479 F.2d 183, 186, (D.C. Cir. 1973). An agency resisting disclosure may satisfy its burden by submitting an affidavit or index containing reasonably detailed descriptions of the documents and alleging facts sufficient to establish an exemption. *See Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987). If the affidavits meet those standards,'"the district court need look no further." *Lane v. Dept. of Interior*, 523 F.3d 1128, 1135-1136 (9th Cir. 2008) (quotation omitted).

## ANALYSIS

### I. Elkins' Motion for Summary Judgment

A plaintiff who amends his or her complaint prior to summary judgment waives all

FINDINGS AND RECOMMENDATION – PAGE 6

claims the he or she does not reassert in the amended complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citations omitted). "This rule is premised on the notion that the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Id.* (quotation omitted).

Here, Elkins' motion for summary judgment focuses on the allegations in his original complaint. The motion addresses whether Exemption 7(e) applies to his requests for records and specifically refers to the FOIA requests and claims for relief in his original complaint. Moreover, the motion does not address the requests for records he listed in his amended complaint. Thus, Elkins' motion for summary judgment should be denied.

## II. The FAA's Motion for Summary Judgment

### A. Matters Withdrawn by the Parties

Portions of the dispute between the parties are no longer at issue. The FAA has withdrawn its earlier assertion that Exemption 7(e) applies. As a result, the First Claim for Relief, which seeks declaratory relief in the form of a ruling that Exemption 7(e) does not apply, is now moot. The court should therefore deny Elkins' First Claim for Relief.

Moreover, as noted above, Elkins agreed to withdraw five of the ten requests set forth in his Second Claim for Relief, Requests 2007-004334WS, 2007-005962WS, 2008-001675WS, 2007-005988WS and 2007-007902WS. Although Elkins does not not deny that he withdrew those requests, he now appears to assert that he reopened those requests when he asked the FAA in June 2008 to identify the law enforcement agency involved in the flights named in prior requests. (Pl.'s Opp. Def.'s Mot. Summ. J., # 61, at 4-5.) That argument is without merit. Elkins' June 2008 request did not state that he wished to reopen previous requests and did not seek all the records associated with each prior request. Moreover, the FAA accordingly assigned a new

FINDINGS AND RECOMMENDATION – PAGE 7

request number to Elkins' June 2008 request and separately responded to that request. I therefore find that Elkins' Second Claim for Relief is moot with regard to Requests 2007-004334WS, 2007-005962WS, 2008-001675WS, 2007-005988WS and 2007-007902WS because Elkins withdrew those requests.

### B.     Exemption High 2

"The Freedom of Information Act is premised on the theory that in order for democracy to function properly, citizens must have access to government information." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1147 (9th Cir. 2008) (citation omitted). Thus, the Act mandates "full agency disclosure" unless information is clearly exempted under one of FOIA's nine statutory exemptions, which the courts must interpret narrowly. *Milner v. United States Dep't of the Navy*, 575 F.3d 959, 963-964 (9th Cir. 2009).

Here, the FAA asserts that exemption High 2 applies to the identification of the aircraft. Elkins, however, argues that the FAA waived exemption High 2 when it did not assert that exemption in its initial denials of his requests for records. Elkins similarly argues that exemption High 2 does not apply because the FAA has identified aircraft in response to prior requests. Elkins also claims that exemption High 2 should not apply because there is "great public interest" in law enforcement's use of aircraft and that the FOIA should not "benefit those who are trying to circumvent the law." I address Elkins' arguments below.

### 1.     Whether the FAA Waived Exemption High 2

"[I]n the FOIA context, at least one circuit has concluded that an agency does not waive exemptions prior to litigation in the district court." *Louis v. U.S. Dept. of Labor*, 419 F.3d 970, 978 (9th Cir. 2005) (citing *Young v. CIA*, 972 F.2d 536, 538-539 (4th Cir. 1992)). Moreover, the Ninth Circuit has concluded that, under the Privacy Act, "a district court may consider and rely

FINDINGS AND RECOMMENDATION – PAGE 8

on an agency's assertion of a different rationale for non-disclosure . . . than the agency originally proffered during the administrative proceedings." *Id.* at 978 n.8, 979. In reaching that conclusion, the Ninth Circuit noted that both the Privacy Act and FOIA require no deference to the agency determination regarding disclosures and that, as a result, the court's review is not limited to record of the administrative proceedings. *Id.* at 977. Thus, under the reasoning in *Louis*, the FAA did not waive exemption High 2 when it did not assert the exemption in its initial responses to Elkins.

As noted, however, Elkins also argues that exemption High 2 does not apply because, in response to some of his other requests for flight information, the FAA has been willing to disclose the aircraft identification. "[T]he government "cannot rely on an otherwise valid exemption claim to justify withholding information that has been officially acknowledged or is in the public domain." *Davis v. U.S. Dept. of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quotation omitted). A plaintiff asserting a claim of prior disclosure, however, "must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Id.* The plaintiff must establish that the agency has made the specific information at issue public and cannot rely on a showing that the agency has released similar information. *Id.* at 1280. Here, Elkins submitted no evidence that the FAA previously released the identification of the aircraft that are the subject of his five remaining FOIA requests. Thus, no public domain exception applies.

        2.        **Whether the FAA Has Met Its Burden That Exemption High 2 Applies**

Exemption 2 protects from disclosure records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Exemption High 2 applies to law enforcement or other materials, which "are predominantly internal and disclosure of which

FINDINGS AND RECOMMENDATION – PAGE 9

would present a risk of circumvention of agency regulation." *Milner*, 575 F.3d at 963-964; *Hardy v. Bureau of Alcohol, Tobacco & Firearms*, 631 F.2d 653, 656 (9th Cir. 1980). "Law enforcement materials involve methods of enforcing the laws, however interpreted." *Id.* at 657; *see also Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F. Supp. 2d 958, 965 (C.D. Cal. 2003) (holding that data on the number of Customs inspections at a particular port constitute "law enforcement material" under exemption High 2.)

Here, the FAA has provided a detailed description of the information it has withheld and has alleged facts sufficient to establish that exemption High 2 applies. *See Lewis*, 823 F.2d at 378. The FAA has specifically identified that it withheld the identification of the aircraft. In addition, with the exception of the voice recording, I can discern from the redactions themselves that the FAA only excluded that information. Moreover, nothing suggests that the FAA could have redacted and released only a portion of the voice recording. Finally, the identity of aircraft involved in aerial surveillance is law enforcement material, which, if disclosed, would jeopardize the effectiveness of that surveillance. Accordingly, I find that the FAA has properly asserted that exemption High 2 applies. The court should therefore grant the FAA's motion for summary judgment with regard to Elkins' Second Claim for Relief.

### C. Costs

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff has "substantially prevailed" if the complainant has obtained relief through either . . . (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii).

FINDINGS AND RECOMMENDATION – PAGE 10

Here, Elkins' Third Claim for Relief seeks to recover the costs that he incurred to bring this action. The FAA asserts, and Elkins does not dispute, that Elkins has not substantially prevailed. Accordingly, I find that Elkins is not entitled to costs. The court should therefore grant the FAA's motion for summary judgment with regard to Elkins' Third Claim for Relief.

### III. Motion for In Camera Review

Elkins asked this court to conduct an in camera review of the redacted documents and compare them to responses he received from another branch of the FAA. I find no reason to conduct an in camera review in light of the fact that the FAA has released all responsive documents with the exception of the aircraft identification. Accordingly, the court should deny Elkins' request for in camera review as moot.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (#34) should be denied. Plaintiff's Motion for In Camera Review (#62) should be denied as moot. Defendant's Motion for Summary Judgment (#56) should be granted and judgment should be entered accordingly.

///

///

///

///

///

///

///

///

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 3, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 18th day of November, 2009.

Honorable Paul Papak
United States Magistrate Judge